UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RAMSARAN SEECHARAN

                Plaintiff

      -against-                                          **COMPLAINT**

HERITAGE PLACE LLC.

                Defendant
-------------------------------------------------------------------------X

Plaintiff as and for his complaint as against the defendant alleges as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid wages, unpaid overtime wages, unpaid spread of hours wages, unpaid vacation and sick days wages and other monies due plaintiff from defendant pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law § 190, et seq. ("NYLL").

2. In addition, defendant failed to provide to the plaintiff proper wage notices and wage statements as required by applicable law and regulations and is liable for damages under NYLL Section 195 and 198.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29

U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337 and 1343 and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law and contract and agreement pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as plaintiff resides in Queens within the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff resides in Queens and was employed by the defendant.

6. Plaintiff was defendant's employee within the meaning of the FLSA and the NYLL and the defendant was subject to the provisions of the NYLL and the FLSA and regulations promulgated thereunder. Specifically, the plaintiff was employed by the defendant for an approximate period of 20 years. For close to 10 years he worked performing building maintenance work at premises 88-25 148th Street in Jamaica New York and for some of that period of time also performed that work at premises 88-09 148th Street in Jamaica New York.

7. He worked Monday through Friday from 5 AM to 7:30 AM then 8 AM to 5 PM; Saturdays and Sundays 6 AM to 1 PM and 4 PM to 5:30 PM. He was "on call" 24/7. Tenants would call him a cell phone provided by his employer or contact him in person including knocking on his door for his apartment within in the building. Those contacts wee for him to perform various repairs including emergencies and those activities were

required of plaintiff at varying times including in the middle of the night. Such activities were unpredictable and he was required to make himself available at all times on all dates. He would engage in snow/ice removal as the need arose sometimes performed at other hours. His spread of work hours was such that he should have received an extra payment but did not.

8.  His pay did not reflect any work he performed more than 40 hours a week. His wage statements did not accurately reflect his actual hours of work. He was not paid any overtime premium. He was not paid any premium based on hsi spread of wages

9.  He has not been paid sums he is due for vacation days and sick days he has accumulated.

10. He is 62 years old.

11. Defendant for a period of time before June 2020 had the plaintiff supervise and train the work of another person, Mr. Kahn. Defendant removed plaintiff from his position in June and demanded that he travel to Hempstead to serve as a security guard even though he is not licensed to do so; even though his work performing maintenance was still needed; he has been required to travel at great inconvenience and for a great deal of time; he has been advised that if he wants to continue to work for the defendant that he must leave the apartment he lives in and relocate. Plaintiff is believed to be the only person that was working for the defendant that was still paid by check and by wage statement. Defendant in doing all of the above was attempting to harass him and cause him to leave his employment all part of a plan and effort of the defendant to discriminate

against him based on his age.

13. Mr. Kahn has continued to work at 88-25 148th Street in Jamaica New York after the plaintiff was transferred to the Hempstead security guard position. Mr. Kahn is beleived to live at 88-09 148th Street as does another person, Mr. Akash who is also an employee of the defendant.

14. Mr. Akash is believed to be the super at 88-09 148th Street in Jamaica New York. Mr. Kahn is also believed to serve as super at that same building. Despite being called a super, Mr. Akash actually performs electrical work at various locations for the defendant.

15. Plaintiff was never designated as a janitor or residential janitor for premises 88-25 148th Street in Jamaica New York.

16. Defendant has demanded as a condition of offering plaintiff employment that he leave his apartment. Defendant has demanded as a condition of offering plaintiff employment that he move to another apartment, not comparable to where he and his family presently reside. Defendant had demanded as a condition of offering plaintiff employment that he sign certain paperwork to give up his rights and claims.

17. Plaintiff is believed to be the only person employed by defendant in either building 88-09 or 88-25 that does not get paid in cash.

**Defendant**

18. Defendant HERITAGE PLACE LLC is a New York limited liability corporation that is engaged in construction work and during the period of plaintiff's

employment performed certain construction activities at sites around the City of New York.

19. Defendant HERITAGE PLACE LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. It has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

## FAILURE TO PAY OVERTIME PREMIUM WAGES AND FOR ACTUAL HOURS WORKED

20. The FLSA and NYLL require that employers pay all employees at a rate no less than the applicable minimum wage rate and an overtime premium rate of one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

21. The plaintiff performed work for a period in excess of 40 hours per week but was not paid at the minimum wage rate as well as the premium rate applicable to the overtime hours he worked

22. Defendants did not pay plaintiff any overtime premium for hours worked in excess of forty (40) in a given week.

23. Defendant did not regularly record the actual hours worked by the plaintiffs.

### PLAINTIFF WAS NOT PROVIDED THE OTHER INFORMATION HE WAS TO RECEIVE UNDER APPLICABLE LAW AND REGULATION

24. When defendant did make payments to the plaintiff, it failed to provide plaintiff with an accurate statement listing all or some of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether he was being paid by the hour, shift, day, week, salary, piece, commission, or otherwise; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed and net wages.

### FIRST CLAIM
### (Fair Labor Standards Act-Unpaid Overtime)

25. Plaintiff repeats and realleges paragraphs 1 through 24 as if fully set forth herein.

26. Defendant was required to pay plaintiff no less than at the minimum wage rate and no less than one and one-half (1½) times the regular rate for all hours he worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

27. Defendant failed to pay plaintiff at the minimum wage rate and failed to pay him the overtime premium wages he was entitled to receive for his work.

28. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff the wages he was due as described above.

29. Due to defendants' violations of the FLSA, plaintiff is entitled to recover his unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post- judgment interest.

## SECOND CLAIM
### (New York Labor Law-Unpaid Overtime)

30. Plaintiff repeats and realleges paragraphs 1 through 29 as fully set forth herein.

31. Under the NYLL and supporting regulations, defendant was required to pay plaintiff at no less than at one and one half (1½) times his regular rate for all hours he worked in excess of forty (40) hours during a work week.

32. Defendant failed to pay plaintiff at the overtime premium wage rate he was entitled to receive under the NYLL.

33. Defendant has willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff the correct amount due as overtime wages.

34. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid minimum wages and unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### FAILURE TO PROVIDE WAGE NOTICES AND STATEMENTS

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

36. Pursuant to the provisions of NYLL Section 195 (1) and (3), the defendant

was to provide to the plaintiff wages notices and wage statements as described therein that were accurate and contained all of the information required under those provisions of law but the defendant failed to do so.

37. Defendant is liable to the plaintiff for damages under NYLL Section 198 and damages should be assessed accordingly.

## FOURTH CLAIM
## LIQUIDATED DAMAGES AND ATTORNEYS FEES

38. Plaintiff repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff is entitled to liquidated damages and attorneys fees and pre-judgment interest and post judgment interest for the defendant's violations of the NYLL and the FLSA as described above.

## FIFTH CLAIM
## AGE DISCRIMINATION

40. Plaintiff repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41. The defendant has discriminated against the plaintiff based on his age in connection with the terms and conditions and manner and methods used in his employment and is thereby liable to the plaintiff for damages accordingly.

42. Plaintiff's position at 88-25 148th Street was terminated and he was sent to Hempstead to work as a security guard and his position was filled by another person; plaintiff was a member of a protected group of persons between the ages of 40 and 70;

that plaintiff was subjected to an adverse employment action in that he was removed from his position at 88-25 148th Street and sent to Hempstead to be a security guard; that a substantially younger person filled the position from which plaintiff was discharged; plaintiff was qualified to continue to do the job from which plaintiff was removed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. finding that defendant has violated the wage provisions of the FLSA and NYLL by failing to pay plaintiff what he is due for work performed;

b. finding that defendant has violated the overtime provisions of the FLSA and NYLL;

c. finding that the defendant has failed to comply with NYLL Section 195(1) and (3) and is laible for damages and attorneys fees under NYLL Section 198;

d. finding the defendant has otherwise violated applicable law and regulation and those violations have been willful;

e. finding that the defendant has discriminated against the plaintiff based on his age;

f. awarding plaintiff monetary damages in accordance with applicable law and facts;

g. awarding plaintiff liquidated damages;

h. awarding plaintiff pre-judgment and post-judgment interest;

    i.    awarding plaintiff a sum representing reasonable attorneys' fees;

    j.    awarding the plaintiff the costs and disbursements of this action;

    k.    awarding plaintiff such other relief as the court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated: Kew Gardens, New York
       August 24, 2020

*/s/ Jonathan Silver*
JONATHAN SILVER ESQ.(7924)
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 316
Kew Gardens, New York 11415
(718) 520 1010