UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
RAMSARAN SEECHARAN,

                 Plaintiff,                  **REPORT AND RECOMMENDATION**
                                               **20 CV 3898 (WFK)(LB)**

    -against-

HERITAGE PLACE LLC,

                 Defendant.
------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,

et. seq. and the New York Labor Law ("NYLL") § 190, et. seq. seeking to recover unpaid wages,

overtime wages, and spread of hours wages. Compl. ¶ 1, ECF No. 1. Plaintiff also alleges separate

age discrimination claims. Id. ¶¶ 40-42. The Honorable William Kuntz referred the parties' motion

for settlement approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

For the reasons stated herein, it is respectfully recommended that the parties' motion for settlement

approval regarding the FLSA and NYLL claims should be granted.


## BACKGROUND

Plaintiff Ramsaran Seecharan was employed by defendant Heritage Place LLC for

approximately 20 years. Compl. ¶ 6. During that time, he performed building maintenance at both

88-25 148th Street and at 88-09 148th Street in Jamaica, New York. Id. Plaintiff claims he worked

Monday through Friday, first from 5:00 a.m. to 7:30 a.m. and then from 8:00 a.m. to 5:00 p.m. Id.

¶ 7. On the weekends, plaintiff worked 6:00 a.m. to 1:00 p.m. and then 4:00 p.m. to 5:30 p.m. Id.

He also alleges that he was "on call" at all hours of the day to perform repairs and respond to

emergencies in the buildings. Id. Despite these hours and his schedule, plaintiff claims he was never paid for more than 40 hours per week or provided with an accurate wage statement. Id. ¶ 8.

In June 2020, after training another person, plaintiff alleges defendant removed him from his position and defendant required him to travel, at great inconvenience, to Hempstead to work as a security guard. Id. ¶ 11. Plaintiff also alleges he was told that if he wanted to continue working, he would have to move from his apartment located in one of the defendant's buildings. Id. Plaintiff believes defendant changed his position to harass him as part of a broader strategy to discriminate against him based on his age. Id.

## PROCEDURAL HISTORY

Plaintiff commenced this action on August 24, 2020 alleging defendant failed to pay him proper wages under FLSA and the NYLL in addition to alleging defendant discriminated against him based on his age. Id. ¶¶ 25-42. Defendant answered the complaint on October 1, 2020. ECF No. 11. The parties then participated in a mediation on January 13, 2021, Silver Aff. ¶ 11, ECF No. 14, and reached a settlement, id. ¶ 13. The parties now move for Court approval of their settlement agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d. Cir. 2015). In support of the motion, plaintiff provides an affirmation from his counsel (Silver Aff., ECF No. 14); plaintiff's affidavit (Seecharan Aff., ECF No. 14-1); plaintiff's counsel's signed retainer agreement (ECF No. 14-2); a signed stipulation of settlement prepared by the mediator (Stip. of Settl., ECF No. 14-3); a negotiated settlement agreement which pertains solely to the unpaid wage claims[1] (Agreement, ECF No. 19); a proposed stipulation and order of dismissal

---

[1] The parties' settlement agreement was unsigned when originally filed. ECF No. 14-5. The Court ordered the parties to file a signed version of the document and they complied. See ECF No 19.

(ECF No. 14-6); a notice of an eviction proceeding (ECF No. 14-7); and plaintiff's counsel's billing records (ECF No. 14-8).[2]

## DISCUSSION

### I. Standard for Settlement Approval

Pursuant to Cheeks v. Freeport Pancake House, Inc., "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect. 796 F.3d 199, 206 (2d Cir. 2015). This approval requirement is intended to ensure FLSA's objective of insuring that all workers are fairly compensated. Id. (quoting A.H. Phillios, Inc. v. Walling, 324 U.S. 490, 493 (1945)). Review also furthers FLSA's remedial purpose, namely preventing abuse while accounting for the uneven power dynamic between employers and employees. Id. at 207. As discussed by the Cheeks' Court, certain provisions within a settlement agreement are unacceptable when subjected to judicial review. Id. Such provisions include: (1) restrictive confidentiality provisions; (2) overbroad releases that waive all claims, especially those with no connection to a plaintiff's wage-and-hour case; (3) and awards of attorney's fees without record support. Id. at 206 (quoting Lopez v. Nights of Cabiria, 96 F. Supp. 3d 170, 177-82 (S.D.N.Y. 2015).

In reviewing FLSA settlement agreements, Courts are ultimately seeking to determine if the parties' proposed resolution is "fair and reasonable." Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-

---

[2] The parties originally filed a copy of a settlement agreement and a general release pertaining to the alleged age discrimination claim. ECF No. 14-4. However, plaintiff later stated that the document was incorrectly filed on the public docket and requested permission to withdraw it in order to refile it under seal. ECF No. 16. The Court granted plaintiff's request. ECF No. 17. The settlement and release related to the non-FLSA claims were refiled under seal. ECF No. 18.

4925(NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Although not an exhaustive list,

this reasonableness determination includes review of the following factors:

> (1) [T]he plaintiff's range of possible recovery; (2) the extent to which 'the settlement
> will enable the parties to avoid anticipated burdens and expenses in establishing their
> respective claims and defenses'; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining
> between experienced counsel'; and (5) the possibility of fraud or collusion.

Id. (citing Medley v. Am. Cancer Soc., No. 10-CV-3214(BSJ), 2010 WL 3000028, at *1

(S.D.N.Y. July 23, 2010)). Certain factors weigh against approving a settlement, including:

> (1) [T]he presence of other employees situated similarly to the claimant; (2) a likelihood
> that the claimant's circumstances will recur; (3) a history of FLSA non-compliance by
> the same employer or others in the same industry or geographic region; and (4) the
> desirability of 'a mature record' and 'a pointed determination of the governing factual or
> legal issue to further the development of the law either in general or in an industry or in a
> workplace.

Id. (internal quotation marks omitted). There is a strong presumption in favor of finding a

proposed FLSA settlement agreement to be fair and reasonable because the Court can never be

"in as good of a position as the parties to determine the reasonableness of an (sic) FLSA

settlement." Martinez Aguilar v. VBFS Inc., No. 19-CV-621(JLC), 2020 WL 1036071, at *1

(S.D.N.Y. Mar. 3, 2020) (internal quotation marks omitted) (quoting Souza v. 65 St. Marks

Bistro, No. 15-CV-327(JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015)); Cortes v.

Bronx Bar and Grill, LLC, No. 19-CV-2819(SN), 2019 WL 6318430, at *1 (S.D.N.Y. Nov. 25,

2019) (quoting Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).


**II. The Parties' Settlement Agreement**

The parties have submitted a "bifurcated settlement agreement;" two separate agreements

which separately resolve the parties' claims under FLSA/NYLL  and plaintiff's age

discrimination claim. Silver Aff. ¶ 19. The largest portion of the settlement is designated to settle

the age discrimination claim; and $10,000 is designated to settle plaintiff's FLSA/NYLL claims. Id. ¶ 16. One-third of the age discrimination claim is designated as the attorney's fee award; there is no attorney's fee award designated as a portion of the FLSA settlement. Id. at 6.[3] Payment of the attorney's fee will be made within 30 days of the full execution of the settlement agreement covering the age discrimination claims and the $10,000 FLSA settlement will be paid within 30 days of the Court's approval of the FLSA settlement. Stip. of Settl. 1. The remaining portion of plaintiff's settlement shall be paid to plaintiff within 10 days after he vacates his apartment at 88-25 148th Street, Jamaica, NY 11435. Id.

### A. Bifurcated Settlement Agreements Are Acceptable

Separate settlement agreements, one governing the resolution of FLSA claims and another the resolution of non-FLSA claims, are an acceptable method of resolving cases which involve claims other than those related to improper payment of wages. See Ortiz v. Breadroll, LLC, No. 16-CV-7998(JLC), 2017 WL 2079787, at *2 (S.D.N.Y. May 15, 2017) (collecting cases). Unlike the agreement governing the FLSA claims, the agreement resolving the plaintiff's discrimination claims is not subject to Court approval and may contain provisions which would be fatal to a FLSA settlement, such as a non-disclosure clause. Id.; Yunda v. SAFI-G, Inc., No. 15 Civ. 8861(HBP), 2017 WL 1608898, at *2 (S.D.N.Y. 2017). When confronted with bifurcated settlement agreements, Courts examine the FLSA agreement to ensure that it is fair and reasonable but do not examine the non-FLSA agreement. Ortiz, 2017 WL 2079787, at *2.

---

[3] Plaintiff's counsel's affirmation contains a numbering error on ECF pages 6-7. After paragraph 19, the paragraph numbering starts over again at 18.

Here, the parties have drafted separate agreements, one governing plaintiff's FLSA claims and the other governing resolution of the age discrimination claim. Silver Aff. ¶ 19. The Court need only examine the FLSA settlement agreement to grant settlement approval.

The settlement agreement resolving the FLSA claims states in pertinent part that defendant will pay plaintiff $10,000 "in consideration for and in full satisfaction of all claims Plaintiff has or may have against [Defendant], whether known or unknown, asserted or unasserted for unpaid overtime wages." Agreement ¶ 2(a). Plaintiff agrees to dismiss "subject to Court approval,…all complaints, suits, actions, charges, claims and/or legal proceedings he has instituted" against the defendant. Id. ¶ 1(b)The FLSA agreement states that the $10,000 will be paid within 21 days after the Court approves the settlement via two checks, each for "$5,000 less lawful deductions."[4] Id. ¶ 2(a)(i)-(ii). The FLSA settlement agreement does not contain a confidentiality provision or non-disparagement clause.

### B. The Parties' Agreement is Reasonable

The Court looks to the factors discussed in Wolinsky v. Scholastic, Inc. when determining the reasonableness of the settlement. The first factor is the range of possible recovery. Wolinsky, 900 F. Supp. 2d at 335. A determination "whether a settlement amount is reasonable 'is not susceptible to a mathematical equation yielding a particularized sum'" but must account for "'the uncertainties of law and fact in any particular case.'" Bryant v. Potbelly Sandwich Works, LLC, No. 17-CV-7638(CM)(HBP), 2020 WL 563804, at *5 (S.D.N.Y. Feb. 4,

---

[4] There is an inconsistency between the payment schedule stated in the parties' negotiated settlement agreement, ECF No. 14-5, and the parties' Stipulation of Settlement, ECF No, 14-3. The Stipulation of Settlement says the $10,000 will be paid within 30 days of the Court's approval of the settlement and the negotiated settlement agreement states it will be paid within 21 days of the court's approval of the settlement. Compare Stip of Settl. 1 with Agreement ¶ 2(a). This inconsistency should be resolved in plaintiff's favor, with payment made within 21 days of the Court's approval.

2020) (first quoting <u>In re Austrian & German Bank Holocaust Litig.</u>, 80 F. Supp. 2d 164, 178 (S.D.N.Y. 2000); then quoting <u>Henry v. Little Mint, Inc.</u>, No. 12 Civ. 3996(CM), 2014 WL 2199427, at *10 (S.D.N.Y. May 23, 2014)). Here, although plaintiff's counsel provided an estimate of $200,000 as "the best possible recovery," Silver Aff. ¶ 12, a number of factors make the $10,000 FLSA settlement amount a fair compromise by the parties.

Plaintiff lived with his family for several years in an apartment provided by defendants at a reduced monthly rent of $560, compared to the market price of $2,300, resulting in a substantial savings.[5] <u>Id.</u> ¶ 3; Seecharan Aff. ¶ 4. Defendants eliminated this reduction in monthly rent, which also included a parking space, when plaintiff left his job as a security guard. Silver Aff. ¶ 10; Seecharan Aff. ¶¶ 4-5. Unable to afford the higher fee, plaintiff and his family did not remit rent payments and defendants commenced eviction proceedings. Silver Aff. ¶ 10. The parties' settlement resolves these outstanding proceedings and includes a waiver of plaintiff's unpaid rent fees, an amount totaling approximately $15,000. <u>Id.</u> ¶ 15. Without this settlement, plaintiff's outstanding rent arrears would continue to increase by $2,300 each month. Seecharan Aff. ¶ 5. Further, upon approval of the settlement, plaintiff and his family will be permitted to remain in their apartment rent-free for an additional two months while they secure new living space. <u>Id.</u> ¶ 12. The Court is also cognizant of the larger global settlement in this matter, the terms of which provide additional compensation to resolve plaintiff's age discrimination claim. All of these facts, and the uncertainty of litigation in this matter, support the reasonableness of the total FLSA settlement amount.

The factors to be considered also include the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and

---

[5] Lodging may also be a form of compensation. <u>See</u> 29 U.S.C. § 203(m).

defenses [and] the seriousness of the litigation risks faced by the parties." Wolinsky, 900 F. Supp. 2d at 335 (internal quotation marks omitted) (quoting Medley, 2010 WL 3000028, at 1*). Here, plaintiff's counsel admits that "[p]laintiff had no records of his 24/7 repairs but identified documents defendants may have to show that work." Silver Aff. ¶ 8. The lack of records would certainly be an obstacle for plaintiff to establish his claims and this settlement, early in the litigation, will avoid the need to engage in protracted discovery. See Yunda, 2017 WL 1608898, at *3 (discussing the avoidance of burdensome discovery and the risks of litigation in the context of approving a FLSA settlement).

The Court must also consider whether the settlement "is the product of arm's length bargaining" between the parties. Wolinsky, 900 F. Supp. 2d at 335 (quoting Medley, 2010 WL 3000028, at 1*). Here, the settlement was reached after a mediation conducted by the Court's Alternative Dispute Resolution program. Silver Aff. ¶ 11. Plaintiff's counsel described the mediator as "terrific." Id. ¶ 12. The independent mediator also set forth the framework of the settlement agreement in writing. Id. ¶ 13; Stip of Settl. With the mediation as the forum for the settlement between the parties, the Court's concerns about the nature of the bargaining process are alleviated.

### C. The Parties' Agreement is Proper

FLSA settlements which purport to waive all claims against a defendant, including those unrelated to wage-and-hour issues, should be rejected. Cheeks, 796 F.3d at 206 (citation omitted); Gurung v. White Way Threading, LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (collecting cases). Here, the parties' agreement does not suffer from this infirmity and specifies that the settlement pertains to "all claims Plaintiff has or may have against any of the Released

Parties, whether known or unknown, asserted or unasserted for unpaid overtime wages." Agreement ¶ 2(a). Therefore, the release is limited to unpaid overtime wages and should be approved. See Yunda, 2017 WL 1608898, at *3 (approving of a release which is limited to FLSA claims).

Non-disparagement clauses, which bar plaintiffs from making public statements about their wage claims, may not be included in a FLSA settlement. See Alt v. Social Impact 360, Inc., No. 20 Civ. 4478(ER), 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020). The instant settlement agreement does not contain any such clause.

### D. Attorney's Fees

Ordinarily, prevailing plaintiffs are entitled to recover reasonable attorney's fees under both FLSA and the NYLL. Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020). Courts review awards of attorney's fees to ensure they are reasonable. The $10,000 FLSA/NYLL settlement amount in this matter will be paid entirely to plaintiff without any portion designated as an attorney's fee award. Silver Aff. at 6. Counsel will receive an agreed upon attorney's fee as part of the age discrimination settlement. Id.

### CONCLUSION

Accordingly, I respectfully recommend that the parties' instant motion for settlement approval of the FLSA and NYLL claims should be granted.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. <u>Marcella v. Capital Dist. Physician's Health Plan, Inc.</u>, 293 F.3d 42 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

                                                                    /S/
                                                      LOIS BLOOM
                                                      United States Magistrate Judge

Dated: March 15, 2021
         Brooklyn, New York